IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SCOTT J. HEMMELGARN, et al. | CASE NO. 3:21-CV-00163 |
| Plaintiffs, | JUDGE THOMAS ROSE |
| vs. | ANSWER OF DEFENDANT, SAFECO INSURANCE COMPANY OF ILLINOIS (INCORRECTLY NAMED SAFECO INSURANCE IN PLAINTIFFS' COMPLAINT), TO PLAINTIFFS' COMPLAINT WITH COUNTERCLAIM AGAINST PLAINTIFFS AND CROSS-CLAIM AGAINST CO-DEFENDANTS |
| NICKEYNON MAURICE BANNER, et al. | |
| Defendants. | |
| | [Jury Demand Endorsed Hereon] |

Now comes Defendant, Safeco Insurance Company of Illinois (incorrectly named SafeCo Insurance in Plaintiffs' Complaint), by and through its attorney, and for its Answer to Plaintiffs' Complaint states the following:

**FIRST CLAIM**

1. Defendant denies for lack of information sufficient to form a belief all of the statements, allegations and averments contained in paragraphs one through three of Plaintiffs' Complaint.

2. Defendant denies all of the statements, allegations and averments contained in paragraphs four and five of Plaintiffs' Complaint.

**SECOND CLAIM**

3. With respect to paragraph six of Plaintiffs' Complaint, Defendant realleges and incorporates herein its answers and denials as contained in its Answer to Plaintiffs' Complaint as though fully set forth herein.

4. Defendant denies for lack of information sufficient to form a belief all of the statements, allegations and averments contained in paragraphs seven through nine of Plaintiffs' Complaint.

5. Defendant denies all of the statements, allegations and averments contained in paragraph ten of Plaintiffs' Complaint.

6. Defendant denies for lack of information sufficient to form a belief all of the statements, allegations and averments contained in paragraph eleven of Plaintiffs' Complaint.

7. Defendant denies all of the statements, allegations and averments contained in paragraphs twelve and thirteen of Plaintiffs' Complaint.

8. Defendant denies for lack of information sufficient to form a belief all of the statements, allegations and averments contained in paragraph fourteen of Plaintiffs' Complaint.

9. Defendant denies all of the statements, allegations and averments contained in paragraph fifteen of Plaintiffs' Complaint.

10. Defendant denies for lack of information sufficient to form a belief all of the statements, allegations and averments contained in paragraph sixteen of Plaintiffs' Complaint.

**THIRD CLAIM**

11. With respect to paragraph seventeen of Plaintiffs' Complaint, Defendant realleges and incorporates herein its answers and denials as contained in its Answer to Plaintiffs' Complaint as though fully set forth herein.

12. In response to paragraphs eighteen and nineteen of Plaintiffs' Complaint, Defendant admits only that Plaintiff had a policy of insurance in effect at the time of the accident, the terms of which speak for themselves. Answering further, Defendant denies all remaining statements, allegations and averments contained in paragraphs eighteen and nineteen of Plaintiffs' Complaint.

13. Defendant denies for lack of information sufficient to form a belief all of the statements, allegations and averments contained in paragraph twenty of Plaintiffs' Complaint.

14. Defendant denies all of the statements, allegations and averments contained in paragraph twenty-one of Plaintiffs' Complaint.

15. Defendant admits all of the statements, allegations and averments contained in paragraph twenty-two of Plaintiffs' Complaint.

## FOURTH CLAIM

16. With respect to paragraph twenty-three of Plaintiffs' Complaint, Defendant realleges and incorporates herein its answers and denials as contained in its Answer to Plaintiffs' Complaint as though fully set forth herein.

17. Defendant denies all of the statements, allegations and averments contained in paragraphs twenty-four through twenty-six of Plaintiffs' Complaint.

18. Defendant denies each and every, all and singular, the statements, allegations and averments contained in Plaintiffs' Complaint which are not specifically herein admitted to be true.

## AFFIRMATIVE DEFENSES

19. Defendant asserts that Plaintiffs' claims are barred because they have failed to join indispensable parties.

20. Defendant asserts that Plaintiffs' claims are barred because they failed to mitigate their damages.

21. Defendant alleges that Plaintiffs' Complaint fails to state a claim upon which relief could be granted.

22. The Plaintiffs' Complaint should fail and be dismissed as the Plaintiffs are not the real parties in interest with respect to some or all of the claims herein.

23. Defendant alleges that any injury suffered by the Plaintiffs, were caused by their own actions or omissions by failing to wear their seatbelt as required by Ohio law and thereby failing to protect their own safety.

24. Defendant alleges that Plaintiffs have failed to file the above-entitled action within the applicable statute of limitations.

25. Defendant states that this Court is without jurisdiction over its person due to insufficiency of process and insufficiency of service of process.

26. The Plaintiffs' Complaint should fail and be dismissed by virtue of the conduct and/or action of a third party or force over which this Defendant had no control and, is, therefore, not liable.

27. Defendant incorporates by reference, all defenses available to it pursuant to O.R.C. §3937.18, Ohio's UM/UIM statute, and all other defenses available to Defendant in Chapters 3937 and/or 4501 and/or 4509 of the Ohio Revised Code.

28. To the extent, if any, that the Plaintiffs have prjudiced any potential subrogation right owned by Defendant, then Plaintiffs' claims are barred for that additional reason.

29. If the court ultimately determines that the Plaintiffs have viable claims for UM/UIM coverage under Defendant's policy, then Defendant's coverage is excess, <u>vis a vis</u> all or some other insurance policies, against which the Plaintiffs have a viable UM/UIM claim, or alternatively, the subject Defendant's policies would apply on a prorata basis as it respects some or all additional insurance policies providing the Plaintiffs' UM/UIM coverage.

30. The allegations set forth in the Complaint are barred because UM/UIM coverage is precluded by valid exclusions under the Safeco Insurance Company of Illinois policy.

31. The allegations in the Complaint are barred because the insurance policy does not provide UM/UIM coverage because its UM/UIM limits are less than the limits of liability for the automobile liability insurance covering the tortfeasor.

32. To the extent that the Safeco Insurance Company of Illinois policy provides UM/UIM coverage, Defendant's liability for such damages must be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to Plaintiffs and/or those amounts actually paid by persons or organizations on behalf of persons liable to Plaintiffs.

33. Defendant asserts that Plaintiffs' claims are barred by additional affirmative defenses that may arise during the course of this litigation.

WHEREFORE, having fully answered Plaintiffs' Complaint in its entirety, Defendant, Safeco Insurance Company of Illinois, demands that said Complaint be dismissed with prejudice at Plaintiffs' cost.

Attorney for Defendant,
**Safeco Insurance Company of Illinois**

By: */s/ Kesha D. Kinsey*
Kesha D. Kinsey (0080534)

P.O. Box 6835
Scranton, PA 18505-6835
Phone: (513) 241-5005
Fax: (800) 977-4146
Kesha.kinsey@libertymutual.com

**DEFENDANT, SAFECO INSURANCE COMPANY OF ILLINOIS, COUNTERCLAIM AGAINST PLAINTIFFS, SCOTT J. HEMMELGARN AND BETH HEMMELGARN**

Now comes Defendant, Safeco Insurance Company of Illinois (referred hereinafter as "Defendant"), and for its Counterclaim against Plaintiffs, Scott J. Hemmelgarn and Beth Hemmelgarn (referred hereinafter as "Plaintiffs"), states the following:

1. Defendant hereby incorporates by reference, for the sole purpose of setting forth the basis of this Counterclaim, the statements contained in the Complaint of Plaintiffs and the Answer of this Defendant thereto.

2. At the approximate date, time and place stated in the Complaint, Co-Defendants, Nickeyon Maurice Banner and KLLM Transport Services, LLC, were negligent and the direct cause of the accident and damages, if any, as alleged.

3. In the event damages are awarded to the Plaintiffs by settlement, judgment or otherwise, Defendant is entitled to judgment for reimbursement against the Plaintiffs in the amount of any medical payment benefits pursuant to the insurance policy issued by the Defendant that cover Plaintiffs for the subject accident.

WHEREFORE, Defendant demands that Plaintiffs reimburse it for any and all sums that it has paid to Plaintiffs or on behalf of Plaintiffs, as a result of the subject accident.

        Attorney for Defendant,
        **Safeco Insurance Company of Illinois**

By:   */s/ Kesha D. Kinsey*
        Kesha D. Kinsey (0080534)

        P.O. Box 6835
        Scranton, PA 18505-6835
        Phone: (513) 241-5005
        Fax:   (800) 977-4146
        Kesha.kinsey@libertymutual.com

## DEFENDANT, SAFECO INSURANCE COMPANY OF ILLINOIS, CROSS-CLAIM AGAINST CO-DEFENDANTS, NICKEYNON MAURICE BANNER AND KLLM TRANSPORT SERVICES, LLC

Now comes Defendant, Safeco Insurance Company of Illinois (hereinafter referred to as "Defendant"), and for its Cross-Claim against Co-Defendants, Nickeynon Maurice Banner and KLLM Transport Services, LLC, states the following:

1. Defendant hereby incorporates by reference, for the sole purpose of setting forth the basis of this Cross-Claim, the statements contained in the Complaint of Plaintiffs and the Answer of this Defendant thereto.

2. At the time of the accident, the Plaintiffs claim to have qualified as insured under an automobile insurance policy issued by Defendant, and that the policy contained coverage for uninsured or underinsured motorist and medical payment claims.

3. Plaintiffs presented a claim to Defendant pursuant to the terms and conditions of the insurance policy contending that Plaintiffs are permitted to recover damages which Plaintiffs are legally entitled to recover from the uninsured or underinsured Co-Defendants.

4. If Defendant has made or is required to make any payments to the Plaintiffs under any provision of the policy, then Defendant has or will have a subrogated interest, pursuant to the terms and conditions of the policy, and it is entitled to recover such damages from the negligent Co-Defendants.

WHEREFORE, Defendant demands judgment on its Cross-Claim against Co-Defendants, for indemnification and, in the alternative, for contribution.

        Attorney for Defendant,
        **Safeco Insurance Company of Illinois**

By: **/s/ Kesha D. Kinsey**
      Kesha D. Kinsey (0080534)

P.O. Box 6835
Scranton, PA 18505-6835
Phone: (513) 241-5005
Fax: (800) 977-4146
Kesha.kinsey@libertymutual.com

## JURY DEMAND

The Defendant, Safeco Insurance Company of Illinois, hereby demands a trial by jury in this action on all issues.

**/s/ Kesha D. Kinsey**
Kesha D. Kinsey (0080534)

**CERTIFICATE OF SERVICE**

      A copy of the foregoing was served this 27th day of October, 2021, by electronic mail to:

JAMES D. UTRECHT
Utrecht Law Office L.L.C.
12 Sooouth Plum Street
Troy, Ohio 45373
Attorney for Plaintiffs

JOHN T. PION
JORDAN C. HETTRICH
1500 One Gateway Center
Pittsburgh, PA 15222
Attorney for Defendants,
Nickeynon Maurice Banner and
KLLM Transportation Services, LLC

                                                          ***/s/ Kesha D. Kinsey***
                                                          Kesha D. Kinsey (0080534)