# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SCOTT J. HEMMELGARN, et al., | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-163 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| NICKEYNON MAURICE BANNER, et al., | : | |
| | : | |
| Defendant. | : | |

---

### ENTRY AND ORDER GRANTING DEFENDANT SAFECO INSURANCE COMPANY OF ILLINOIS' MOTION FOR SUMMARY JUDGMENT (DOC. NO. 17)

---

This matter is before the Court on Defendant SafeCo Insurance Company of Illinois' Motion for Summary Judgment (the "Motion"). This case involves Scott and Beth Hemmelgarn's (the "Hemmelgarns") suit alleging personal injury claims against Defendants Nickeynon Banner ("Banner") and KLLM Transport Services, LLC ("KLLM"). (Doc. No. 1-2 at PageID 12-4.) The Complaint further alleges that the Hemmelgarns may be entitled to recover from Defendant SafeCo Insurance Company of Illinois' ("SafeCo") if Banner and KLLM are uninsured or underinsured. (*Id*. at PageID 14.) SafeCo argues that Rev. Code 3937.18 precludes the Hemmelgarns from recovering funds from their underinsured policy with SafeCo because KLLM is insured for a greater amount than Hemmelgarn's underinsured coverage.

The Court **GRANTS** Defendant's Motion for Summary Judgment and dismisses the Fifth Claim against SafeCo from this case.

I. **BACKGROUND** [1]

On May 21, 2019, the Hemmelgarns were travelling eastbound on Interstate 70 when Banner, who was operating a 2019 Semi Freightliner Cascadia, made an improper lane change. (Doc. No. 1-2 at PageID 12-3.) The collision caused the Hemmelgarns to hit a concrete wall and resulted in serious injury to the Hemmelgarns. (*Id*. at PageID 13.) At the time of the accident Banner was employed by KLLM. (*Id*. at PageID 13-4.)

At the time of the accident, the Hemmelgarns had insurance on their vehicles through SafeCo. (Doc. No. 17-1 at PageID 110.) The policy provides for $500,000 in uninsured and underinsured motorist coverage. (*Id*.) KLLM had a commercial auto policy through Aon Risk Services Southwest, Inc. (Doc. No. 17-2 at PageID 115.) The policy covered auto liability for up to $1,000,000. (*Id*. at PageID 118.)

The Hemmelgarns filed the Complaint in the Common Pleas Court of Montgomery County, Ohio on May 18, 2021. (Doc. No. 1-2.) KLLM and Banner removed the matter to this Court based on its diversity jurisdiction under 28 U.S.C. § 1332 on June 11, 2021. (Doc. No. 1.) SafeCo filed its answer on December 10, 2021. (Doc. No. 13.) On February 7, 2021, SafeCo filed the present Motion. (Doc. No. 17.) No party filed an opposition to the Motion. The matter is ripe for review and decision.

II. **LEGAL STANDARDS FOR SUMMARY JUDGMENT**[2]

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

---

[1] For purposes of resolving the Motion, the recitation in the "Background" section includes facts alleged in the Complaint.
[2] Although no other party opposed the Motion, SafeCo still bears the burden of demonstrating the absence of a genuine of material fact. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the nonmoving party, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). In opposing summary judgment, the nonmoving party cannot rest on its pleadings or merely reassert its previous allegations. *Id*. at 248-49. It also is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

A party's failure "to properly address another party's assertion of fact as required by Rule 56(c)" can result in the court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). Additionally, "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In

3

ruling on a motion for summary judgment, it is not the judge's function to make credibility determinations, "weigh the evidence[,] and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 255. In determining whether a genuine issue of material fact exists, the court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in that party's favor. *Id*. at 255; *Matsushita*, 475 U.S. at 587; *Tolan v. Cotton*, 572 U.S. 650, 660, 134 S. Ct. 1861, 188 L. Ed. 2d 895 (2014). However, the "mere existence of a scintilla of evidence in support of the" nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id*. The inquiry, then, is "whether reasonable jurors could find by a preponderance of the evidence that the" nonmoving party is entitled to a verdict. *Id*.

### III.  ANALYSIS

SafeCo argues that under Rev. Code 3937.18 the Hemmelgarns are precluded from recovering funds from their underinsured policy through SafeCo because KLLM is insured for a greater amount than SafeCo's underinsured coverage. (Doc. No. 17 at PageID 106.) Under Rev. Code 3927.18(C):

> Underinsured motorist coverage in this state is not and shall not be excess coverage to other applicable liability coverages, and shall only provide the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable to the insured were uninsured at the time of the accident.

Simply put, the Hemmelgarns underinsured policy is not an umbrella policy to make up for damages in excess of the KLLM policy. Thus the SafeCo underinsured coverage would need to be greater than the KLLM coverage in order for the Hemmelgarns to draw from it. *See Littrell v. Wigglesworth*, 91 Ohio St. 3d 425, 431 (2001). KLLM's policy coverage was for $1,000,000, where the Hemmelgarn's underinsured policy with SafeCo was for $500,000. (Doc. No. 17-1, 17-

4

2.) Since the SafeCo policy is less than the KLLM policy, it is non-recoverable under Rev. Code 3937.18. Therefore, the Fifth Claim in the Complaint against SafeCo is dismissed.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 17).

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, March 28, 2022.

                                                  s/Thomas M. Rose

                                          _____
                                            THOMAS M. ROSE
                                        UNITED STATES DISTRICT JUDGE